Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

NICOLAS ROSARIO, *individually and on behalf of*
*others similarly situated,*

                    *Plaintiff,*

               -against-

MCS PROPERTIES LLC (d/b/a MCS PROPERTIES),
1990 ELLIS AVENUE CORP. (d/b/a MCS
PROPERTIES), YERACHMIEL MOSHE SINGER,
and STUART OPPENHEIMER

                *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Nicolas Rosario, individually and on behalf of others similarly situated

("Plaintiff Rosario"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges

upon information and belief, and as against each of Defendants MCS Properties LLC (d/b/a

MCS Properties), 1990 Ellis Avenue Corp. (d/b/a MCS Properties) ("Defendant Corporations"),

Yerachmiel Moshe Singer, and Stuart Oppenheimer (collectively, "Defendants"), as follows:

**<u>NATURE OF ACTION</u>**

1

1.     Plaintiff Rosario is a former employee of MCS Properties LLC (d/b/a MCS Properties), 1990 Ellis Avenue Corp. (d/b/a MCS Properties), Defendant Corporations, and Individual Defendants Yerachmiel Moshe Singer and Stuart Oppenheimer.

2.     Upon information and belief, Defendants own, operate or control a residential building which operates under the name MCS Properties and is located at 1990 Ellis Avenue, Bronx, New York 10472.

3.     Upon information and belief, Individual Defendants Yerachmiel Moshe Singer and Stuart Oppenheimer, serve or served as owners, managers, principals and/or agents of Defendant Corporations, and through these corporate entities operate a residential building located at 1990 Ellis Avenue, Bronx, New York 10472, as a joint or unified enterprise.

4.     Plaintiff Rosario is a former employee of Defendants.

5.     Plaintiff Rosario worked as a superintendent at defendants' residential building.

6.     At all times relevant to this Complaint, Plaintiff Rosario worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that he worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Rosario the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the minimum wage of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiff Rosario the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

9.      Defendants' conduct extends beyond Plaintiff Rosario to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosario and other employees to work in excess of forty (40) hours per week without paying them the minimum wage and the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Rosario now brings this action on behalf of himself and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the minimum wage, overtime, and spread-of-hours law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 146-1.6) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Rosario seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rosario's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Rosario was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.     Plaintiff Nicolas Rosario ("Plaintiff Rosario" or "Mr. Rosario") is an adult individual residing in Bronx County, New York. Plaintiff Rosario was employed by Defendants from approximately April 20, 2007 until on or about May 2017.

16.     At all relevant times to this complaint, Plaintiff Rosario was employed by Defendants as a superintendent at MCS Properties located at 1990 Ellis Avenue, Bronx, New York 10472.

17.     Plaintiff Rosario consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

18.     Defendants own, operate, and/or control a residential building located at 1990 Ellis Avenue, Bronx, New York 10472, under the name "MCS Properties".

19.     Upon information and belief, Defendant MCS Properties LLC (d/b/a MCS Properties) or ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

20.     Upon information and belief, Defendant Corporation maintains its principle place of business at 3810 14th Avenue, Brooklyn, New York 11218.

21.    Upon information and belief, Defendant 1990 Ellis Avenue Corp. is a corporation organized and existing under the laws of the State of New York.

22.    Upon information and belief, Defendant 1990 Ellis Avenue Corp. maintains its principle place of business at 1990 Ellis Avenue, Bronx, New York 10472.

23.    Defendant Yerachmiel Moshe Singer is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.    Defendant Yerachmiel Moshe Singer is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporation.

25.    Defendant Yerachmiel Moshe Singer possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.    Defendant Yerachmiel Moshe Singer determined the wages and compensation of the employees of Defendants, including Plaintiff Rosario, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.    Defendant Stuart Oppenheimer is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.    Defendant Stuart Oppenheimer is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporation.

29.    Defendant Stuart Oppenheimer possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

30.     Defendant Stuart Oppenheimer determined the wages and compensation of the employees of Defendants, including Plaintiff Rosario, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

31.     Defendants operate a residential building located in the Parkchester section of the Bronx.

32.     At all relevant times, Individual Defendants Yerachmiel Moshe Singer and Stuart Oppenheimer possessed operational control over Defendant Corporations, possessed an ownership interest in Defendant Corporations, and controlled significant functions of Defendant Corporations.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     At all relevant times, each Defendant possessed substantial control over Plaintiff Rosario's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rosario, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Rosario, and all similarly situated individuals, and are Plaintiff Rosario's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Rosario and/or similarly situated individuals.

37.     Upon information and belief, individual Defendants Yerachmiel Moshe Singer and Stuart Oppenheimer operate or operated Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporation for their own benefit and maintaining control over them as a closed corporation or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff Rosario's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff Rosario, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Rosario's services.

40.     In each year from 2011 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the residential building on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

42.     Plaintiff Rosario is a former employee of Defendants primarily employed as superintendent of a residential building.

43.     Plaintiff Rosario seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Nicolas Rosario*

44.     Plaintiff Rosario was employed by Defendants from approximately April 20, 2007 until on or about May 2017.

45.      At all relevant times, Plaintiff Rosario was employed by Defendants as a superintendent of a residential building.

46.     Plaintiff Rosario regularly handled goods in interstate commerce that were produced outside of the State of New York, such as brooms, mops, and cleaning supplies as part of his superintendent duties.

47.      Plaintiff Rosario's work duties required neither discretion nor independent judgment.

48.      Throughout his employment with Defendants, Plaintiff Rosario regularly worked in excess of 40 hours per week.

49.      From approximately July 2011 until on or about May 2017, Plaintiff Rosario regularly worked from approximately 6:00 a.m. until on or about 9:00 p.m.  Mondays through Fridays, from approximately 9:00 a.m. until on or about 9:00 p.m. on Saturdays, and two Sundays a month from approximately 9:00 a.m. until on or about 4:00 p.m. to 7:00 p.m. (typically 87 or 94 to 97 hours per week).

50.      Throughout his employment with Defendants, Plaintiff Rosario was paid his wages by check.

51.      Throughout his employment with Defendants, Plaintiff Rosario was paid a fixed salary of $385.00 per week.

52.      Plaintiff Rosario's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.      For example, Defendants required Plaintiff Rosario to work an additional three hours beyond what he was scheduled on Sundays and did not compensate him for the additional time he worked.

54.      Plaintiff Rosario was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Rosario regarding wages as required under the FLSA and NYLL.

56.     Defendants did not give any notice to Plaintiff Rosario, in English and in Spanish (Plaintiff Rosario's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.     Defendants required Plaintiff Rosario to purchase "tools of the trade" with his own funds—including a saw, drill, tools, snakes for plumbing purposes, and used his own car to buy tools and supplies.

*Defendants' General Employment Practices*

58.     Defendants regularly required Plaintiff Rosario to work in excess of forty (40) hours per week without paying him the proper minimum wage, spread of hours pay  and overtime compensation.

59.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosario and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage or  overtime compensation, as required by federal and state laws.

60.     Plaintiff Rosario was paid weekly at the same flat rate of pay regardless of the actual hours worked.

61.     Defendants' pay practices resulted in Plaintiff Rosario not receiving payment for all his hours worked, resulting in Plaintiff Rosario's effective rate of pay falling below the required minimum wage rate.

62.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

63.    Defendants did not post required wage and hour posters in the residential building.

64.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rosario (and similarly situated individuals) worked, and to avoid paying Plaintiff Rosario properly for his full hours worked and for overtime wages due.

65.    Plaintiff Rosario was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

66.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Rosario by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

67.    Defendants failed to provide Plaintiff Rosario and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked, and the number of overtime hours worked, as
required by NYLL §195(3).

68.    Defendants failed to provide Plaintiff Rosario and other employees, at the time of

hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by

New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.    Plaintiff Rosario brings his FLSA minimum wage, overtime, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of Defendants (the "FLSA Class").

70.    At all relevant times, Plaintiff Rosario  and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking

improper wage deductions and other improper credits against Plaintiff Rosario's wages for which

Defendants did not qualify under the FLSA, and willfully failing to keep records required by the

FLSA.

71.     The claims of Plaintiff Rosario stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.      Plaintiff Rosario repeats and realleges all paragraphs above as though fully set

forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Rosario's employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d).

74.     Defendants had the power to hire and fire Plaintiff Rosario (and the FLSA class

members), controlled the terms and conditions of employment, and determined the rate and

method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(r-s).

77.     Defendants failed to pay Plaintiff Rosario (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.    Defendants' failure to pay Plaintiff Rosario (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.    Plaintiff Rosario (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

80.    Plaintiff Rosario repeats and realleges all paragraphs above as though fully set forth herein.

81.    Defendants, in violation of the FLSA, failed to pay Plaintiff Rosario (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82.    Defendants' failure to pay Plaintiff Rosario (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.    Plaintiff Rosario (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE LAW**

84.    Plaintiff Rosario repeats and realleges all paragraphs above as though fully set forth herein.

85.    At all times relevant to this action, Defendants were Plaintiff Rosario's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Rosario (and the FLSA Class members), control terms and conditions of

employment, and determine the rates and methods of any compensation in exchange for employment.

86.    Defendants, in violation of the NYLL, paid Plaintiff Rosario (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

87.    Defendants' failure to pay Plaintiff Rosario (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.    Plaintiff Rosario (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW**

89.    Plaintiff Rosario repeats and realleges all paragraphs above as though fully set forth herein.

90.    Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq*. and supporting regulations, failed to pay Plaintiff Rosario   overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

91.    Defendants' failure to pay Plaintiff Rosario (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiff Rosario (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

93.     Plaintiff Rosario repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to pay Plaintiff Rosario (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Rosario's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

95.     Defendants' failure to pay Plaintiff Rosario (and the FLSA Class members) an additional hour's pay for each day Plaintiff Rosario's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96.     Plaintiff Rosario (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

97.     Plaintiff Rosario repeats and realleges all paragraphs above as though fully set forth herein.

98.     Defendants failed to provide Plaintiff Rosario with a written notice, in English and in Spanish (Plaintiff Rosario's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99.     Defendants are liable to Plaintiff Rosario in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

100.    Plaintiff Rosario repeats and realleges all paragraphs above as though set forth fully herein.

101.    Defendants did not provide Plaintiff Rosario with wage statements upon each payment of wages, as required by NYLL 195(3).

102.    Defendants are liable to Plaintiff Rosario in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

103.    Plaintiff Rosario repeats and realleges all paragraphs above as though set forth fully herein.

104.    Defendants required Plaintiff Rosario to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as work tools, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105.    Plaintiff Rosario was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosario respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosario and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosario and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rosario's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Rosario and the FLSA class members;

(f)     Awarding Plaintiff Rosario and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Rosario and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA

as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosario and the FLSA Class members;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosario and the FLSA Class members;

(j)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rosario and the FLSA Class members;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rosario's (and the FLSA Class members') compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Rosario and the FLSA Class members;

(m)    Declaring that Defendants violated section 191 of the New York Labor Law;

(n)    Declaring that Defendants violated section 193 of the New York Labor Law;

(o)    Awarding Plaintiff Rosario and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(p)    Awarding Plaintiff Rosario and the FLSA Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)    Awarding Plaintiff Rosario and the FLSA Class members liquidated damages in

an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL §s 193 and 198(3);

(r)     Awarding Plaintiff Rosario and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)     Awarding Plaintiff Rosario and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Rosario demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        July 21, 2017

                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                    _____/s/ *Michael Faillace*_____
                    By:   Michael A. Faillace
                          60 East 42nd Street, Suite 4510
                          New York, New York 10165
                          (212) 317-1200
                          *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

July 18, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     **Nicolas Rosario**

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      18 de julio de 2017

*Certified as a minority-owned business in the State of New York*