USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICOLAS ROSARIO *individually and on behalf of others similarly situated*,

Plaintiff,

v.

MCS PROPERTIES LLC (d/b/a MCS PROPERTIES), 1990 ELLIS AVENUE CORP. (d/b/a MCS PROPERTIES), YERACHMIEL MOSHE SINGER, and, STUART OPPENHEIMER, *et al.*,

Defendants.

No. 17-CV-05573 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Nicolas Rosario brought this action against Defendants MCS Properties LLC, 1990 Ellis Avenue Corp., Yerachmiel Moshe Singer and Stuart Oppenheimer, for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[1] Presently before the Court is the parties' proposed settlement agreement ("Agreement"). *See* Settlement Agreement (Dkt. 18-1).

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $32,000 in exchange for the relinquishment of his wage and hour claims. Settlement Agreement ¶ 1. After attorney's fees and costs are subtracted,

---

[1] Rosario filed his complaint "individually and on behalf of others similarly situated," but a settlement has only been reached as to him individually. Compl. at 1.

Plaintiff will receive $21,333.34. As a percentage of his alleged damages ($26,040.00), this take-home award is 81.9% of what he expects he could recover at trial. This amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $32,000 allocates $10,666.66 in fees to Plaintiff's counsel, which amounts to 33% of the settlement amount. Plaintiff's counsel is also requesting less than what they claim they are entitled to under the retainer agreement. The Court thus approves the proposed attorneys' fees under the percentage of the fund method.

Finally, Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citation omitted). The release in this case is limited to Plaintiff's claims "against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *See* Settlement Agreement ¶ 2. Moreover, the Agreement

indicates that the document, and its release provision, was translated to Rosario in Spanish, his primary language. *See* Settlement Agreement ¶ 9; *see also* Compl. ¶ 56.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: November 20, 2018
        New York, New York

_____
Ronnie Abrams
United States District Judge